IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HECTOR CASTELAN, #M36835, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>ANTHONY WILLIS, )<br>ROB JEFFREYS, )<br>WEXFORD HEALTH SOURCES, INC., )<br>and SIDDIQUI, )<br> )<br>Defendants. ) | Case No. 3:22-cv-00434-RJD |

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

Plaintiff Hector Castelan, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was employed in the kitchen at Menard during the COVID-19 pandemic. He was placed at risk of contracting COVID-19 because proper protocols were not followed. The inmates worked in large groups, and some did not wear masks. Plaintiff sent letters to the Counselor, Warden, Director, and Medical Director on September 30, 2020, informing them that inmates were coming to work maskless and sick. He knows his letters reached their destination because other staff and correctional officers

were aware of him writing about these issues.

An inmate on 2 gallery of the North lower cell house tested positive for COVID-19 on September 29, 2020, but the gallery was not placed on quarantine. Four more inmates on that gallery tested positive for COVID-19 on October 2, 2020, but the gallery still was not placed on quarantine. Inmates working in the kitchen requested quarantine on October 3, 2020, but the supervisor ignored the request. Plaintiff became sick on October 11, 2020 and notified his supervisor who failed to send him for medical treatment. After returning to his cell that day, Plaintiff was informed that the gallery officer tested positive for COVID-19.

Plaintiff was transferred to the quarantine building and exposed to unsafe conditions. The building, which had not been in use since 2017, had cracks in the wall, black mold, mice, roaches, and "ping pong toilets that exposed plaintiff to human waste that belonged to someone else." The cells did not have hot water, there was no heat, it was extremely cold, and he was not provided a coat or blanket. He was not allowed to shower for two weeks and there were no cleaning supplies. He submitted sick call requests and requested pain medication numerous times to no avail. He asked the nurses checking temperatures to see the doctor. After he left quarantine, Plaintiff filed a grievance on November 4, 2020 to report his exposure to COVID-19, the failure to abate the risk, the bad conditions in quarantine, and to request a post COVID-19 check.

Defendants did not enforce the mask mandate and did nothing when inmates reported illness. Defendants are responsible for failing to protect inmates at Menard – they ignored the pandemic and failed to quarantine the North lower cell house 2 and 3 galleries. Plaintiff is part of the *Lippert* class action where it has been shown that Wexford deliberately understaffed workers to save money and Plaintiff was denied adequate medical care as a result.

Plaintiff wrote an affidavit in support of another inmate's grievance/lawsuit and he was

fired from his job in the kitchen in retaliation.

## PRELIMINARY DISMISSALS

Plaintiff refers to individuals in his statement of claim who are not named as defendants. Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. Therefore, claims against any individuals not identified as defendants in the case caption are considered **DISMISSED**.  See *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).

## DISCUSSION

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:[1]

> Count 1: Eighth Amendment claim against Jeffreys, Willis, and Siddiqui for subjecting Plaintiff to unconstitutional conditions of confinement by not enforcing COVID-19 protocols and thereby creating a risk to Plaintiff's health.
>
> Count 2: Eighth Amendment claim against Jeffreys, Willis, Siddiqui and Wexford for exhibiting deliberate indifference to Plaintiff's serious medical needs by failing to provide medical treatment for him while he had COVID-19.
>
> Count 3: Eighth Amendment claim for unconstitutional conditions of confinement in the cell house where inmates with COVID-19 were housed.
>
> Count 4: First Amendment retaliation claim for the firing of Plaintiff from his job in the kitchen in retaliation for him writing an affidavit in support of another inmate's grievance and/or lawsuit.

### Count 1

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiffs must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555. When a plaintiff states that a group of individuals harmed him without providing more, such an allegation is insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, when a plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

"Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "To succeed on a claim for supervisory liability, a plaintiff must show that the supervisor was personally involved in the constitutional violation." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). "That means that the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see." *Id.* (internal quotation marks and citation omitted).

The allegations in the Complaint fall short of pleading a claim for unconstitutional conditions of confinement against IDOC Director Jeffreys, Menard Warden Willis, and Menard Medical Director Siddiqui. The closest Plaintiff comes to establishing any knowledge by those individuals that COVID-19 protocols were not being followed is the allegation that he sent them letters on one occasion informing them that inmates were coming to work sick and maskless. However, without more information regarding the content of the letter, Plaintiff fails to establish critical knowledge on the part of those he seeks to hold responsible.

Contrary to Plaintiff's assertion in the Complaint, Jeffreys, Willis, and Siddiqui cannot be held liable based on an alleged responsibility to protect the inmates at Menard due to their administrative positions. Further, "[l]iability cannot be established based on an assumption that high-ranking officials should have known of a condition. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Instead, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Id.* at 594. A supervisor's failure to control subordinates is not actionable absent a showing that the official encouraged the incident of misconduct or in some way directly participated in it. *Lenard v. Argento*, 699 F.2d 874, 885 (7th Cir. 1983).

For the reasons set forth herein, Plaintiff fails to state a claim for unconstitutional conditions of confinement against Jeffreys, Willis, and Siddiqui, so Count 1 will be dismissed.

## Count 2

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Even if Plaintiff had a serious illness and serious symptoms,[2] he has not alleged that any

---

[2] The Court acknowledges the seriousness of the global COVID-19 pandemic, but not every ache and pain rises to the level of a constitutional violation. *See Thomas v. Blackard*, 2 F4th 716, 722 (7th Cir. 2021) ("not every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim"). COVID-19 certainly has known, serious symptoms, but Plaintiff does not allege he suffered any such serious symptoms.

5

of the individual defendants were aware of his condition and acted with deliberate indifference to his medical needs. Again, Jeffreys, Willis, and Siddiqui cannot be held liable based on an alleged responsibility to protect the inmates at Menard due to their administrative positions. Therefore, he fails to state a claim against the individual Defendants.

Further, Plaintiff has not alleged that any Wexford employee acted with deliberate indifference to Plaintiff's serious medical need as a result of a Wexford custom, policy, or practice. *See Shields v. Illinois Dept. of Corrections,* 746 F.3d 782, 796 (7th Cir. 2014). As a result, he fails to state a claim against Wexford.[3]

Because Plaintiff fails to state a deliberate indifference to serious medical needs claim against any named defendant, Count 2 will be dismissed.

### Count 3

Plaintiff does not assert any knowledge or personal involvement in the cell conditions in the quarantine building on the part of any of the named defendants. Consequently, this claim for unconstitutional conditions of confinement may not proceed. Count 3 will be dismissed.

### Count 4

Plaintiff does not allege that any named defendant was responsible for firing him from his job in the kitchen. As such, the retaliation claim may not proceed. Count 4 will be dismissed.

### DISPOSITION

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **February 21, 2023**. The First Amended Complaint is subject to review under 28 U.S.C. § 1915A.

---

[3] Contrary to the allegations in the Complaint, Plaintiff cannot rely on the *Lippert* class action to establish a claim against Wexford. *Dean v. Wexford Health Sources, Inc.* 18 F.4th 214, 237-40 (7th Cir. 2021).

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (Case No. 22-cv-434-RJD). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y).

Because an amended complaint supersedes and replaces the original complaint, rendering the original complaint void, the Court will not accept piecemeal amendments. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and include any exhibits that Plaintiff wishes to submit. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.**  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  1/24/2023**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**